UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARED SCOTT DUNN,

    Plaintiff,

v.                                              Case No.  3:17cv419/LC/CJK

LEE MORRIS,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a pleading titled "Writ of Habius [sic] Corpus", with the number "2254" written at the top of the page, and two state court case numbers identified in the caption (Escambia County Circuit Court Case No. 2013 CF 000973A, and Florida First District Court of Appeal Case No. 1D16-5054).  (Doc. 1).  Plaintiff names Lee Morris as the "respondent", but does not identify who this person is or his connection to plaintiff's confinement.  Mr. Morris is neither the Secretary of the Florida Department of Corrections, nor the warden of plaintiff's institution (Walton Correctional Institution).  Plaintiff's pleading was accompanied by an affidavit of indigence filed on a state court form (the Leon County Circuit Court's "Affidavit of

Indigence under FS 57.085"). (Doc. 2). Plaintiff's self-titled habeas corpus petition reads, in total:

> Petitioner is requesting the court to review elements on the federal level to grant relief. The Petitioner is under federal investigation for hypnosis and is still a victim. This has took control of my thoughts and I have been unable to make sound decisions. The psychiatrist['s] diagnosis was given with prejustice [sic]. Since then petitioner has went to a private psychiatrist and diagnosis was stable. I've requested the federal court for relief, releaseing [sic] information to Petitioner instead of the Escambia County Sherrif [sic] Dept. to use for harassment (See cases #3:14-cv-529/LAC/EMT, #3:14-cv-00590-MCR-CJK, #3:14-cv-528/LC/CJK). Then physician could give proper treatment. The Plaintiff is unable to stop the thought process to which, while being vict[i]mized by hypnosis is, and has caused, self-destruction. I have a [illegible]-card and work off-shore. I do not want to lose the ability to work off-shore. I am asking the court to reconsider and also tape the correctional officers' home phones to expose abuse. Please read Exhibits A-W. Please note this has not stop[p]ed and is affecting multi[p]le people. Officers are using patterns to write books and harass. I have done twenty years in prisons and ask you to investigate and reconsider.

(Doc. 1, pp. 1-2). Attached to the petition are Exhibits A-W, which consist of plaintiff's narrative of his life history and problems dating back to 1999, including his being arrested, jailed and then released for various incidents; being Baker Acted for no reason; being tased at an office Christmas party; being placed in the county jail's "drunk tank", and being charged with aggravated stalking in a different Escambia County Circuit Court case. (Doc. 1, Exs. A-E). Plaintiff's exhibits also complain about the conditions of his confinement at various county jails and state

prisons during various intervals between 2001 and 2014, including being denied adequate medical care, receiving unnecessary dental procedures, being harassed by correctional staff and other inmates, being sexually assaulted, being confined with aggressive cellmates, being required to fight other inmates, being served food contaminated with urine, semen, hair and dirt, and being pressured to attend prison church services. (Doc. 1, Exs. E-T). Plaintiff's exhibits also include copies of prison administrative grievances and letters to organizations and government agencies complaining about the conditions of his confinement in 2014 and November 2016, and a state mandamus petition plaintiff recently filed complaining about back pain and a high-pitched sound in his head. (Doc. 1, Exs. U-Z). The Florida Department of Corrections' website indicates that plaintiff will be released from DOC custody in less than one week, on June 29, 2017. *See* www.dc.state.fl.us.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004). Challenges to the validity of confinement or to its duration are within the province of habeas corpus, while requests for relief relating to the circumstances of confinement may be presented in a § 1983 action. *Id.*; *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th

Cir. 2006). Federal courts have recognized that a prisoner may challenge, under § 1983, an arrest made without probable cause (that does not implicate the validity of a criminal conviction), *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004), a condition of confinement, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981), as well as a failure to provide medical care, *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Although plaintiff labeled his pleading as a § 2254 habeas corpus petition, the entirety of his petition and attachments attack (1) past arrests and criminal proceedings unrelated to his present confinement and (2) past and present conditions of confinement. Plaintiff presents no claim that could be liberally construed as a habeas corpus claim challenging the legality of the criminal judgment identified on the face of his petition and for which he is in custody – Escambia County Circuit Court Case No. 2013 CF 000973A. The court therefore construes the petition as a civil rights complaint filed under 42 U.S.C. § 1983. *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (holding that federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework.") (quotation marks and citation omitted). So construed, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because

plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of four prior federal civil actions or appeals filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Dunn v. United States Dist. Court for the Northern Dist. of Fla.*, Case No. 3:14cv529-LC-EMT, Doc. 11 (N.D. Fla. December 9, 2014) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated), *appeal dismissed as frivolous*, No. 14-15798-F (11th Cir. June 10, 2015); *Dunn v. Escambia Cnty. Sheriff Dep't*, Case No. 3:14cv590-MCR-CJK, Doc. 16 (N.D. Fla. Mar. 12, 2015) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated); *Dunn v. Crews*, Case No. 3:14cv594-MCR-CJK, Doc. 24 (N.D. Fla. July 2, 2015) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated). The foregoing cases may be positively identified as having been filed by plaintiff because they bear his name and Florida Department of Corrections' inmate number "309153". (Doc. 1, p. 2).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. In determining whether a prisoner satisfies the imminent danger exception, the court looks to the prisoner's complaint as a whole, construing it liberally and accepting its allegations as true. *Owens v.*

*Page 7 of 9*

*Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (*citing Brown*, 387 F.3d at 1350). General allegations not grounded in specific facts indicating that serious physical injury is imminent are insufficient to invoke the exception to § 1915(g). *Brown*, 387 F.3d at 1350 (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* The imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). A prisoner's claim that he faced a danger in the past is insufficient to allow him to proceed under the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception was not triggered where the alleged threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint).

Construing the complaint as a whole, plaintiff's allegations do not qualify him for § 1915(g)'s imminent danger exception. The only allegations remotely tied to the present time are plaintiff's assertions in his 2-page complaint that he is being hypnotized, and the assertions in his state mandamus petition that he has back pain and a high-pitched sound in his head. These allegations do not indicate that serious

physical injury is imminent. Because plaintiff did not pay the filing fee at the time he initiated this action, and because he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

The clerk shall change the nature of this suit to a prisoner civil rights action under 42 U.S.C. § 1983.

And, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 23rd day of June, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.